# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**DAVID GONZALEZ** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:11-CR-48 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - ☒ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was born 25 years ago in Texas and came to Grand Rapids 8 years ago where he lives with his family. He can live in a home with his sister who is a state corrections officer, another sister, an aunt, his mother, and three nieces. Defendant voluntarily turned himself in on this charge. Defendant has no regular income, although he apparently works for his brother. He has been using marijuana for the past 11 years, smoking an undisclosed amount monthly. As a young adult, defendant has already been convicted on five separate occasions, two of them for the use or delivery of drugs. After being placed on probation for the use of marijuana, he violated his probation less than a (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the presence of the defendant in light of the unrebutted presumption. In the alternative, the government has established by a preponderance of the evidence that no condition or combination of conditions will assure his presence for future court proceedings. Defendant has shown repeated contempt for court obligations resulting in his amassing 19 Failures to Appear, his repeated failures to pay fines, (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 1, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

half year later when he received the delivery conviction.  He also repeatedly failed to appear for show cause hearings (10 times) over a year's period for failure to pay a modest fine.  He has three other Failures to Appear as well and was held in contempt of court for failing to complete a work crew program.  As recently as 2010 defendant failed to appear six more times for show cause hearings.

**Part II - Written Statement of Reasons for Detention** - (continued)

and his violation of his probation by his delivering and manufacture of marijuana.  Defendant is fortunate to have substantial family in the community, but it is apparent they have been unable to rein in his conduct since he has become an adult as indicated by his 5 convictions and 19 Failures to Appear during that time.